United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSEPH LITTLEMOON,                    No C-09-5431 VRW (PR)

        Petitioner,

   v                              ORDER TO SHOW CAUSE

KEN CLARK, Warden,

        Respondent.
_____/

    Petitioner, a state prisoner incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California, has filed a pro se petition for a writ of habeas corpus under 28 USC § 2254. He has paid the $5.00 filing fee.

I

    Petitioner was convicted by a jury in Mendocino County superior court of one count of attempted first degree murder, two counts of aggravated assault, one count of first degree burglary and one count of participation in a criminal street gang. The jury also found true various special allegations. On August 4, 2006, he was

sentenced to state prison for a term of seven-years-to-life, plus eighteen years and eight months. People v Littlemoon, No A114796, 2007 WL 2998976 (Cal Ct App 1 Dist Oct 16, 2007). Petitioner unsuccessfully appealed the judgment to the California court of appeal and the Supreme Court of California, which on January 3, 2008 denied review. Id. Petitioner also unsuccessfully sought post-conviction relief in the state courts. Doc #1 at 4-5.

## II

### A

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 USC § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id § 2243.

### B

Petitioner seeks federal habeas corpus relief by raising claims that the trial court erred in denying his motion to substitute counsel, that both trial counsel and appellate counsel were ineffective for various reasons and that the prosecutor engaged in misconduct by knowingly using false testimony against petitioner at trial. Liberally construed, these claims appear cognizable under § 2254 and merit an answer from respondent. See Zichko v Idaho, 247

2

F3d 1015, 1020 (9th Cir 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

### III

For the foregoing reasons and for good cause shown,

1.  The clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

2.  Respondent shall file with the court and serve on petitioner, within sixty (60) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty (30) days of his receipt of the answer.

3.  In lieu of an answer, respondent may file a motion to dismiss on procedural grounds as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of receipt of the motion, and respondent

3

shall file with the court and serve on petitioner a reply within fifteen (15) days of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner also must keep the court and all parties informed of any change of address.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

`G:\PRO-SE\VRW\HC.09\LittleMoon-09-5431-osc.wpd`

4